IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Asheville Division
Civil Action No. 1:20-cv-00030-MR-WCM

| | |
|---|---|
| MELVIN RICHARD ROBINSON, III, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) MEMORANDUM IN SUPPORT ) OF DEFENDANTS' MOTION TO |
| BRICKTON VILLAGE ASSOCIATION, INC., and LM PROPERTY, | ) DISMISS ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS OWN MOTION TO DISMISS PLAINTIFF'S CLAIMS PURSUANT TO RULE 12(b)(1), RULE 12(b)(4) RULE 12(b)(5), AND RULE 12(b)(6)**

NOW COMES, Brickton Village Association, Inc. and LM Property ("Defendants"), by and through its undersigned counsel, and provides this Honorable Court with the following brief in support of Defendants' Motion to Dismiss Pursuant to Rules 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure.

## STATEMENT OF THE CASE

On or about January 31, 2020, the Plaintiff in this matter, Melvin Richard Robinson III, filed a complaint *pro se* against Defendants Brickton Village Association, Inc. and LM Property in the Western District of North Carolina, Asheville Division [Doc 1]. No summons were issued at that time, but there was an attachment which included summons for LM Property, Brickton Village HOA, R. Andrew Murray (United States Attorney), and William P. Barr (U.S. Attorney General) [Doc 3-1].

On or about February 7, 2020, the Hon. Carleton Metcalf, Magistrate Judge of the Western District of North Carolina issued an order allowing the Plaintiff to proceed *in forma pauperis* and directing that the Plaintiff prepare summonses for all named Defendants and submit those summonses to the Clerk within fourteen (14) days of the entry of this Order [Doc #4].

On or about March 10, 2020, the Plaintiff filed a summons with the Court listing Brickton Village HOA/ Lauren Koons as the Defendant and requesting service on Lauren Koons at 20 Town Mountain Road, Suite 100, Asheville, NC 28801. That same day, the Plaintiff also filed

2
Case 1:20-cv-00030-MR-WCM   Document 11   Filed 04/14/20   Page 2 of 18

a summons with the Court listing LM Properties/ Lisa Matthew Parker as the Defendant and requesting service on Lisa Matthew Parker at 20 Town Mountain Road, Suite 100, Asheville, NC 28801 [Doc #6].

On March 19, 2020, Kathleen J. Lanning of the United States Marshalls Service confirmed service of both summons on Dorinda Watford a paralegal of Allen Stahl & Kilbourne, PLLC at 20 Town Mountain Road, Suite 100, Asheville, NC 28801 [Doc #7]. Both summons were also served by certified mail on March 18, 2020 on Lynndayle Jones, a legal assistant of Allen Stahl & Kilbourne, PLLC at 20 Town Mountain Road, Suite 100, Asheville, NC 28801 [Doc #8]. The Plaintiff made no other legal attempt at service.

## STATEMENT OF FACTS

Under this Motion to Dismiss, the facts are stated by the Plaintiff in the Complaint as follows:

The Complaint makes a claim under the "Fair Housing Act" alleging that the Defendants Brickton Village Association, Inc. and LM Property (sic)

"1. failing to follow reasonable accommodation,

3
Case 1:20-cv-00030-MR-WCM   Document 11   Filed 04/14/20   Page 3 of 18

2. discrimination due to my injury/ disability

3. Denying access for handicap accessible parking." [Doc #1, at 4]. The Complaint requests the Court "to relieve Lien and hold payments until accident settlement is reached and settled; comply with fair housing for accessibility; negotiate through the appropriate process for my accommodations; negotiate the terms of punitive damages." [Doc #1, at 4]. The Plaintiff provided no description of his disability and no support for Federal jurisdiction over these issues.

The Complaint may have included as an attachment an additional page describing a past appendicitis and a traffic accident. The Plaintiff describes:

> My HOA has been giving me a difficult time during this process. I've asked for reasonable accommodations multiple times. They have put me down and discriminated against me. They have not engaged in the interactive process.
>
> The lien they put on my house is not even the correct amount of $547. they wrote the lien for $650
>
> I'm asking the courts [to] help me settle my dispute to properly handle my reasonable accommodations under the fair housing act.

[Doc #3, at 1]

Brickton Village Association, Inc., (not Brickton Village HOA) is a North Carolina Non-Profit Corporation, with a registered agent of Roderick J. Hubbard of 1200 Ridgefield Blvd. Suite 160, Asheville, NC 28806. *See* Exhibit 1. It has a primary office of 181 Brickton Village Circle, Fletcher, NC 28732.

LM Property Management, Inc., (not LM Property) is a North Carolina Corporation, with a registered agent of Lisa Matthews at 40 Spring Hill Circle, Arden, NC 28704. *See* Exhibit 2.

## ARGUMENT

### I. Grounds for Dismissal

The Defendant moving Court to involuntarily dismiss the Plaintiff's claims against the Defendant pursuant to 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. The Complaint fails to allege sufficient facts to demonstrate the subject-matter jurisdiction of the Federal courts over this claim. Fed. R. Civ. Pro., R. 12(b)(1). The Plaintiff failed to provide sufficient process under the Rules. Fed. R. Civ. Pro., R. 12(b)(4). The Plaintiff failed to perfect sufficient service of process to obtain personal jurisdiction over either of

the Defendants. Fed. R. Civ. Pro., R. 12(b)(5). Finally, the Complaint has failed to state a claim upon which relief may be granted. Fed. R. Civ. Pro., R. 12(b)(6).

## II. Plaintiff's Claims Fail for Insufficient Process and Insufficient Service of Process because the Plaintiff failed to serve the Defendants properly under the Rules.

The Plaintiff has failed to properly serve the Defendants in this case. In its order of February 7, 2020, the Court directed that "Notwithstanding service of process by the United States Marshal as directed herein, Plaintiff remains responsible for making sure that service is effected properly pursuant to the Rules of Civil Procedure." [Doc #4 at ¶4]. "[T]he rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys.*, 733 F.2d 1087, 1089 (4th Cir. 1984)

The Plaintiff's service fails in multiple respects. First, a summons must be directed to the Defendants. Fed. R. Civ. Pro., R. 4(a)(1)(B). The summons completed by the Plaintiff were directed to Laura Koons

and Lisa Matthew Parker, neither of whom are Defendants in this case. The failure to direct the service to the actual Defendants renders this summons void and the service insufficient under Rule 12(b)(4).

The actual service on the Defendants did not comply with the law. Rule 4(h) provides that a domestic or foreign corporation… that is subject to suit under a common name, must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." An individual can be served as allowed under North Carolina law. Fed. R. Civ. Pro., R. 4(e). North Carolina Rules of Civil Procedure, Rule 4(j)(1) allows service of an individual by:

> a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving

process upon such agent or the party in a manner specified by any statute.
    c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
    d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
    e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

Neither Federal nor North Carolina law allows for the service of a corporation or an individual by service on its legal counsel.

Actual notice does not equate to sufficient service of process, even under the liberal construction of the rules applicable to a *pro se* plaintiff. "Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) *quoted by Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 305-06 (4th Cir. 2016)

(*per curium*). The Complaint should be dismissed pursuant to Rule 12(b)(5).

Therefore, the Defendants' Motion to Dismiss should be granted for insufficient process and for insufficient service of process because the Plaintiff failed to comply with the Rules of Civil Procedure for drafting a summons and failed to properly serve the Defendants for the Court to obtain personal jurisdiction over the Defendants.

### III. Plaintiff Failed to Plead Sufficient Articulable Facts on which to Base His Claims.

In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the plaintiff's complaint must contain sufficient factual allegations that, if accepted as true by the court, "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1940, 173 L.Ed.2d 868, 874 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929, 949 (2007). Plausibility of relief is determined by whether the factual allegations allow the court to "reasonably infer" the defendant's

liability, which is more than a mere possibility of defendant misconduct. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949-50, 173 L.Ed.2d at 884. These factual allegations must assert more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868, 884. *See also*, *Twombly,* 550 U.S. at 554-56, 127 S. Ct. at 1964-65, 167 L.Ed.2d at 940 (explaining that a complaint need not assert "detailed factual allegations" but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action.") Furthermore, the only facts that the court may consider in a Rule 12(b)(6) motion to dismiss are those asserted within the plaintiff's complaint. *Dickey v. Greene*, 729 F.2d 957, 958 (4th Cir. 1984) (*en banc*).

Here, the Court should grant the Defendant's Motion to Dismiss because the Plaintiff failed to plead any factual allegations, and instead recited legal conclusions in an attempt to show a violation of the Fair Housing Act. Specifically, the Plaintiff asserted "Fair Housing violations." However, in his complaint, the Plaintiff failed to identify any particular Fair Housing Act violations, failed to provide any

description of his disability, failed to describe the discrimination, and failed to explain the accommodations he requested. The allegations in the complaint are merely labels and conclusions which do not allow the court to "reasonably infer" the defendant's liability.

A closer review of the allegations does not demonstrate a plausible claim. Under the "Statement of Claim" section of his Complaint, the Plaintiff concluded that the Defendants (1) failed to follow reasonable accommodation, (2) discriminated against the Plaintiff due to his injury/disability, and (3) denied the Plaintiff access for handicap accessory parking. These statements alone are insufficient factual allegations to survive the Defendant's 12(b)(6) Motion to Dismiss because they are only conclusory statements relating to the Fair Housing Act. In the first statement, the Plaintiff failed to identify any actions by Defendants that denied him a reasonable accommodation. Similarly, in the second statement, the Plaintiff failed to identify any discriminatory actions by the Defendants relating to his injury/disability. Moreover, Plaintiff failed to identify any injury/disability which entitles him to coverage under the Act. Lastly, in the third statement, the Plaintiff failed to identify any actions by the

Defendants that denied him access to handicap accessory parking. The Plaintiff also failed to allege that the HOA oversees Parking, and that the particular parking he describes is covered by the Fair Housing act. The allegations, even if taken as true, fail to show more than the mere possibility of Defendants' misconduct.

Further, the Plaintiff concluded that the Defendant did "not engage in the interactive process." His complaint failed to identify any required process under the Act which the Defendant failed to engage in. In fact, the complaint and attachments seem to describe the failure of the Homeowners Association to enter into negotiations regarding association dues owed by the Plaintiff. In fact, the Plaintiff requests this Court "relieve Lien and hold payments until accident settlement is reached and settled."

Finally, because he provides no specific information regarding the alleged violations, it is impossible to know when the violations occurred. The Fair Housing Act provides that a plaintiff must file a lawsuit within two years after the "occurrence or the termination of an alleged discriminatory housing practice…." 42 U.S.C. § 3613(a)(1)(A). Because

no dates of violation are described, it is impossible to know whether the Plaintiff has satisfied the Statute of Limitations.

As stated above, in determining a 12(b)(6) motion to dismiss, the only facts permitted for consideration by the Court are the facts alleged by the Plaintiff in his Complaint. As is stands, the Plaintiff has pled insufficient facts to meet this threshold. Therefore, the Defendant's Motion to Dismiss should be granted for failure to state a claim.

### IV. Plaintiff's Claims Fail for Lack of Subject-Matter Jurisdiction.

The district courts of the United States are "courts of limited jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs.,* 545 U.S. 546, 552, 125 S. Ct. 2611, 2616-17, 162 L.Ed.2d 502, 516 (2005) (*citing Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 128 L. Ed. 2d 391, 114 S. Ct. 1673 (1994)). In order for a plaintiff to properly bring an action against a defendant in federal court, the action must have subject-matter jurisdiction. *Exxon Mobil.* As the Courts have explained, "The well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint." *Columbia Gas*

*Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001) *citing Inc. v. Thompson*, 478 U.S. 804, 808, 92 L. Ed. 2d 650, 106 S. Ct. 3229 (1986). The facts alleged in the complaint and the relief requested must demonstrate the existence of a substantial federal question to survive a Motion to Dismiss under Rule 12(b)(1). *Blue v. Craig,* 505 F.2d 830, 844 (4th Cir. 1974). If the court finds a lack of subject-matter jurisdiction, it must immediately dismiss the case. 12(h)(3); *See also* 12(b)(1) (granting federal courts the authority to dismiss an action for lack of subject-matter jurisdiction.)

Generally, a federal district court may exercise subject-matter jurisdiction either based upon federal question, 28 U.S.C. §1331, or diversity jurisdiction, 28 U.S.C. § 1332. A federal court may have federal question jurisdiction over a plaintiff's claims if they arise under the laws of the United States. Alternatively, the Court may have diversity jurisdiction if both the plaintiff and defendant are citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1331 and § 1332.

In this case, the Court should grant the Defendants' 12(b)(1) Motion to Dismiss because the Plaintiff's claims lack subject-matter

jurisdiction. The Complaint contains no allegation of Federal jurisdiction. The Civil Cover Sheet page of Plaintiff's Complaint required him to select a jurisdictional basis for his claims. The available choices were: (1) Plaintiff is U.S. Government, (2) Defendant is U.S. Government, (3) diversity jurisdiction, and (4) federal question jurisdiction. The Plaintiff selected "Defendant is U.S. Government." However, the Defendant is not the United States Government, nor a United States agency, officer or employee of the United States as described in Fed. R. Civ. P. 12(a)(2) or (3). In fact, the Defendant is a North Carolina corporation. Therefore, the Plaintiff's selected jurisdictional basis is incorrect and ultimately inapplicable. The Plaintiff did not assert diversity jurisdiction in his Complaint. In spite of this, diversity jurisdiction remains inapplicable because both Plaintiff and Defendant are citizens of the same state, North Carolina, and the amount in controversy does not exceed $75,000. Lastly, Plaintiff did not assert federal question jurisdiction in his Complaint.

Assuming *arguendo*, the Court believed Plaintiff mistakenly selected the incorrect jurisdictional basis for his Complaint, and should have selected "Federal Question Jurisdiction" based upon his

15
Case 1:20-cv-00030-MR-WCM   Document 11   Filed 04/14/20   Page 15 of 18

mentioning of the Fair Housing Act, the Court should still grant the Defendants' Motion to Dismiss. Even if Plaintiff asserted federal question jurisdiction, simply mentioning the Fair Housing Act does not rise to the level of Federal Question Jurisdiction and does not survive the 12(b)(1) threshold. A substantial federal question must be raised.

The Fair Housing Act prohibits discrimination by direct providers of housing, who make housing unavailable to a plaintiff because of race, religion, sex, national origin, familial status, or disability. 42 U.S.C. § 3601 et seq. In order to raise a substantial federal question, it requires a properly pled Fair Housing Act violation based upon a failure to reasonably accommodate. The plaintiff must allege that the defendant "refused to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a handicapped] person equal opportunity to use and enjoy a dwelling." 42 U.S.C. 3604(f)(3)(B) (2009); *See also Bryant Woods Inn*, 124 F.3d 597, 603 (4th Cir 1997).

Here, the Plaintiff has failed to plead any of the required elements under this provision of the Act. Just including the words "Fair Housing Act" in his complaint does not create a Federal Question. As stated

above, he has simply recited conclusions without providing any factual allegations that prove his claims arise out of federal law. Therefore, the Plaintiff has failed to prove that his claims present a federal question for the Court. Based upon this, the Court should grant the Defendants' Motion to Dismiss for lack of subject-matter jurisdiction.

## V. Conclusion

Therefore, the Defendants respectfully request that the Court grant Defendants' Motion to Dismiss its claims pursuant to Rule 12(b)(1), 12(b)(5), and 12(b)(6).

THIS the 14th day of April, 2020.

ALLEN STAHL & KILBOURNE, P.L.L.C.

_____
James W. Kilbourne, Jr.
20 Town Mountain Road, Suite 100
Asheville, NC 28801
Telephone: (828) 254-4778
Fax: (828)254-6646
jamesk@asklawnc.com

<u>Certificate of Service</u>

     I hereby certify that on April 14th, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and sent a copy to the pro se Plaintiff by United States Mail postage prepaid:

Melvin Richard Robinson, III
181 Brickton Village
Fletcher, NC 28732

     THIS the 14th day of April, 2020.

                                     _____
                                     James W. Kilbourne, Jr.

18
Case 1:20-cv-00030-MR-WCM   Document 11   Filed 04/14/20   Page 18 of 18