IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 30 MR WCM

MELVIN RICHARD ROBINSON, III, )
 )
v. )   MEMORANDUM AND
 )   RECOMMENDATION
 )
BRICKTON VILLAGE ASSOCIATION, )
INC., and LM PROPERTY, )
_____ )

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 10) which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).

I. Relevant Background

A. Procedural History

On January 31, 2020, Plaintiff, appearing *pro se*, filed his Complaint. Doc. 1. The Complaint appears to name "Brickton Village HOA (Lauren Koons)" and "LM Property" as the defendants. Doc. 1. On February 3, 2020, Plaintiff filed various documents which Plaintiff apparently intended to be exhibits to his Complaint. Doc. 3.[1]

---

[1] The undersigned has considered these documents due to Plaintiff's *pro se* status, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and as Defendants have not disputed their authenticity. See Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (stating that courts may take judicial notice of documents attached to the complaint so long as they are integral to the complaint and authentic).

1

On April 14, 2020, Defendants filed the Motion to Dismiss. Doc. 10. Plaintiff responded, see Docs. 15-16, and Defendants replied. Doc. 17.

### B. Plaintiff's Allegations

The Complaint indicates that Plaintiff is attempting to assert a claim against Defendants for violations of the Fair Housing Act based on Defendants' "fail[ure] to follow reasonable accommodation," "discrimination due to [Plaintiff's] injury disability," and "denying access to handi-capped parking." Id., p. 3. In addition, in the Exhibit filed on February 3, 2020, Plaintiff alleges that his "HOA has been giving [him] a difficult time during this process," has "put [him] down and discriminated against [him]," and that "[t]he lien they put on [his] house is not even the correct amount." Doc. 3, p. 1.

The Exhibit consists of four pages: 1) a typed statement by Plaintiff describing an apparent motor vehicle accident in which he was involved, stating that his "HOA has been giving [him] a difficult time," and stating that a lien has been put on his home; 2) a document apparently showing amounts owed by Plaintiff to his HOA; 3) a letter from defense counsel's office enclosing a claim of lien; and 4) a description of a claim of lien. Doc. 3.

## II. Discussion

### A. Representations to the Court

As an initial matter, the undersigned is compelled to address an issue raised by Defendants regarding certain of Plaintiff's representations to the

Court. On April 28, 2020, Plaintiff requested an extension of time to respond to the Motion to Dismiss. Doc. 12. In that motion, Plaintiff stated that he had consulted defense counsel and that Defendants did not oppose his request. Doc. 12, pp. 1-2. The Court granted the motion and extended Plaintiff's response deadline. Doc. 13.

On May 7, 2020, Defense counsel advised that Plaintiff had misrepresented the nature of the parties' communication, and specifically that Plaintiff had not contacted defense counsel regarding an extension of time. Doc. 14, p. 2. Plaintiff did not reply to that filing.

No action is required on this topic; defense counsel states that had he been consulted he would have consented to Plaintiff's request, and the issue otherwise does not impact consideration of the Motion to Dismiss. However, the undersigned will take this opportunity to advise Plaintiff that he should take care to ensure that all statements made to the Court are thoroughly accurate.

### B. Motion to Dismiss

Defendants argue that Plaintiff's Complaint should be dismissed for insufficient process pursuant to Rule 12(b)(4), for insufficient service of process pursuant to Rule 12(b)(5), for failure to state a claim pursuant to Rule 12(b)(6), and for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

### 1. Subject Matter Jurisdiction

The undersigned will address the issue of subject matter jurisdiction before considering the merits of the Complaint. Billups v. United States, 433 F. Supp. 3d 916, 921 (E.D. Va. 2020) ("Only if the Court can exercise subject matter jurisdiction over Plaintiff's claims will the Court consider Defendant's 12(b)(6) arguments.")

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(1) addresses whether the court has subject-matter jurisdiction to hear a dispute. See Fed. R. Civ. P. 12(b)(1). The Fourth Circuit has recognized that a defendant may raise either a facial or factual challenge to subject matter jurisdiction. See Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). In either circumstance, "[t]he plaintiff has the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999) (citing Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991)).

In a facial challenge, the defendant argues "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." Kerns, 585 F.3d at 192 (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982)). If subject matter jurisdiction is challenged in this way, as Defendants do here, "the plaintiff … is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id. That is, "the facts alleged in the

complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Id.[2]

Plaintiff appears to assert claims under the Fair Housing Act ("FHA"), 42 U.S.C.A. § 3601 *et seq.*, for (1) failure to make reasonable accommodations and (2) discrimination on account of his "injury disability." Doc. 1, p. 3; Doc. 3, p. 1. Defendants respond that Plaintiff has failed to plead any of the required elements of a discrimination claim under the FHA and, therefore, that his Complaint does not establish federal jurisdiction. Doc. 11 at 16-17.

Title 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "To determine whether a plaintiff's claims 'arise under' the laws of the United States, courts typically use the 'well-pleaded complaint rule,' which focuses on the allegations of the complaint….In other words, federal question jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint.'" Boyd v. Diangikes, No. 7:19-CV-1077-BHH-JDA, 2019 WL 2061496, at *3 (D.S.C. Apr. 16,

---

[2] Defendants do not make a factual challenge to this Court's subject matter jurisdiction, which would require Defendants to argue that the jurisdictional allegations in the Complaint are untrue. See Kerns, 585 F.3d at 192; see also Edley-Worford v. Virginia Conference of United Methodist Church, 430 F. Supp. 3d 132, 137 (E.D. Va. 2019) (a factual challenge contests "the existence of subject matter jurisdiction in fact, quite apart from any pleadings.") (quoting White v. CMA Const. Co., Inc., 947 F. Supp. 231, 233 (E.D. Va. 1996)).

5

2019), report and recommendation adopted, No. CV 7:19-1077-BHH, 2019 WL 2057911 (D.S.C. May 9, 2019), aff'd, 773 F. App'x 689 (4th Cir. 2019), cert. denied sub nom. Boyd v. United States, 140 S. Ct. 467, 205 L. Ed. 2d 276 (2019)(internal citations omitted).

Plaintiff's Complaint was filed on a *pro se* form used in this district and specifically referenced the FHA. Likewise, Plaintiff cites "Federal disability law" in his response to Defendants' Motion to Dismiss. Doc. 16. Further, at the time of the filing of the Complaint, Plaintiff included summonses for the United States Attorney for this district and the Attorney General of the United States. Doc. 3-1. Unlike the cases relied upon by Defendants, in which a removing party sought to rely on a plaintiff's reference to a federal statute in the context of asserting a state law claim, Plaintiff here clearly is attempting to assert claims based on federal law. See Doc. 17 (citing Martin v. Lagualt, 315 F.Supp.2d 811 (E.D. Va. 2004) (granting motion to remand where plaintiff included citation to a federal statute "solely for the purpose of demonstrating that the defendants' alleged statements were defamatory," but was clearly asserting only state law claims); In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation, 203 F.Supp.2d 1032, 1036 (S.D. Ind. 2002) ("A rule providing that mere mention of a federal statute in a complaint based on a state cause of action confers federal question jurisdiction would be a simple rule to apply, but it is not the law and cannot aid Ford's removal effort.").

Under these circumstances, the undersigned is satisfied that Plaintiff is attempting to assert claims over which the Court has federal subject matter jurisdiction and therefore will recommend that the Motion to Dismiss pursuant to Rule 12(b)(1) be denied.

### 2. Failure to State a Claim

Whether Plaintiff's allegations are substantively sufficient, however, is a separate question. In a motion made pursuant to Rule 12(b)(6), the central issue is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In that context, the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 192.

The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192. That is, while "detailed factual allegations" are not required, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Consumeraffairs.com, 591 F.3d at 255.

7

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Consumeraffairs.com, 591 F.3d at 255. In short, the well-pled factual allegations must move a plaintiff's claim from conceivable to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

Federal courts extend latitude to the pleadings of *pro se* litigants. See e.g., Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (noting that *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers"). However, "a pro se complaint must still contain sufficient facts 'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" Adams v. Sw. Virginia Reg'l Jail Auth., 524 F. App'x 899, 900 (4th Cir. 2013) (quoting Twombly, 550 U.S. at 570).

The FHA "requires an accommodation for persons with handicaps if the accommodation is (1) reasonable and (2) necessary (3) to afford handicapped persons equal opportunity to use and enjoy housing," Bryant Woods Inn, Inc. v. Howard Cty., Md., 124 F.3d 597, 603 (4th Cir. 1997) (citing 42 U.S.C. § 3604(f)(3)). This requirement pertains to accommodations in "rules, policies, practices, or services[.]" 42 U.S.C. § 3604(f)(3)(B).

To state a claim for discrimination under the FHA, "a plaintiff must demonstrate that the housing action or practice being challenged was

8

Case 1:20-cv-00030-MR-WCM   Document 18   Filed 09/25/20   Page 8 of 12

motivated by a discriminatory purpose or had a discriminatory impact." Braziel v. Charlestown Owners Ass'n, Inc., No. 1:15-CV-00718-AJT-IDD, 2015 WL 12781059, at *3 (E.D. Va. Aug. 26, 2015), aff'd, 633 F. App'x 187 (4th Cir. 2016) (quoting Matarese v. Archstone Pentagon City, 795 F.Supp.2d 402, 430 (E.D.Va.2011), vacated in part on other grounds, 468 F.App'x 283 (4th Cir.2012)).

In this case, Plaintiff's allegations are insufficient to support a claim. As an initial matter, Plaintiff fails to allege that he is a person with a handicap within the meaning of the FHA and there is little information in the Complaint or the Exhibit regarding the nature or extent of his claimed disability, except that it appears to be related to an injury Plaintiff sustained in a motor vehicle accident.[3] Similarly, the nature of his requested accommodation is not clear; he has not described what accommodation he seeks or why that accommodation is "(1) reasonable and (2) necessary (3) to afford handicapped persons equal opportunity to use and enjoy housing." Bryant Woods Inn, 124 F.3d at 603.

---

[3] A person with a handicap has "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) [is] regarded as having such an impairment, but such term does not include current, illegal use of or addiction to a controlled substance[.]" 42 U.S.C. § 3602(h)(1)-(3).

9

Further, if Plaintiff's allegation that Defendants "denied [him] access to handicapped parking," Doc. 1, p. 3, is intended to support his discrimination claim, there is no factual context provided for that claim, such as the identity of the individual(s) who denied him access, the date(s) and location(s) of such incident(s), or the conduct (or other information) that Plaintiff believes would indicate such action was "motivated by a discriminatory purpose or had a discriminatory impact." Matarese, 795 F.Supp.2d at 430.

The undersigned will therefore recommend that the Motion to Dismiss pursuant to Rule 12(b)(6) be granted.

### 3. Process and Service of Process

Because the undersigned recommends that the Motion to Dismiss pursuant to Rule 12(b)(6) be granted, the undersigned does not reach Defendants' additional arguments that Plaintiff's Complaint should be dismissed for insufficient process pursuant to Rule 12(b)(4) and for insufficient service of process pursuant to Rule 12(b)(5).

### III. Recommendation

Having carefully considered the parties' arguments, the record, and applicable authority, the undersigned respectfully **RECOMMENDS** that Defendants' Motion to Dismiss (Doc. 10) be **GRANTED** and Plaintiff's claims be dismissed pursuant to Rule 12(b)(6).

Signed: September 25, 2020

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same.  **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal.  See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).