IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00030-MR-WCM

| | |
|---|---|
| MELVIN RICHARD ROBINSON, III, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BRICKTON VILLAGE ) <br> ASSOCIATION, INC., and ) <br> LM PROPERTY ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss [Doc. 10]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of that Motion [Doc. 18]; and the Plaintiff's Objection to the Magistrate Judge's Memorandum and Recommendation. [Doc. 19].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendants' Motion and to submit a recommendation for its disposition.

On September 25, 2020, the Magistrate Judge filed a Memorandum and Recommendation in this case containing conclusions of law in support

of a recommendation regarding the Defendants' motion. [Doc. 18]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service.

On October 1, 2020, the Plaintiff, proceeding *pro se*, filed an Objection requesting the appointment of counsel. [Doc. 14]. There is, however, no constitutional right to counsel in civil cases, and the Fourth Circuit Court of Appeals has instructed that courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). This is a relatively straightforward civil rights case that does not feature the type of complexity warranting the appointment of counsel. See Hildebrand v. PBM Graphics, Inc., No. 5:13-CV-15-BO, 2013 WL 3357741, at *2 (E.D.N.C. July 2, 2013) (finding a run-of-the-mill employment discrimination did not "merit special encouragement from the Court to proceed," making it "proper to deny the plaintiff's motion for appointment of counsel."). Moreover, the Magistrate Judge recommends dismissal of this case based on the Plaintiff's failure to state a plausible claim for relief. [Doc. 18 at 9-10]. That issue is not complex enough to justify the appointment of counsel and Plaintiff's filings have demonstrated that he is

2

Case 1:20-cv-00030-MR-WCM   Document 22   Filed 12/30/20   Page 2 of 3

capable of effectively communicating his position to the Court. Accordingly, the Plaintiff's request for the appointment of counsel is denied.

After a careful review of the Magistrate Judge's Recommendation, the Court finds that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the Defendants' Motion to Dismiss should be granted.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections [Doc. 19] are **OVERRULED**; the Plaintiff's request for appointment of counsel [Doc. 19] is **DENIED**; the Memorandum and Recommendation [Doc. 18] is **ACCEPTED**; the Defendants' Motion to Dismiss [Doc. 10] is **GRANTED**; and this case is hereby **DISMISSED**.

The Clerk shall enter a judgment simultaneously herewith.

**IT IS SO ORDERED.**

Signed: December 30, 2020

Martin Reidinger
Chief United States District Judge