IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 30 MR WCM

| | |
|---|---|
| MELVIN RICHARD ROBINSON, III, | )<br>) |
| Plaintiff | )<br>)<br>) MEMORANDUM AND |
| v. | ) RECOMMENDATION<br>) |
| BRICKTON VILLAGE ASSOCIATION,<br>INC., and LM PROPERTY, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

This matter is before the Court on Plaintiff's "Motion to Amend Due to Case Dismissed" (the "First Motion to Amend," Doc. 24) and Second "Motion to Amend Due to Case Dismissed" (the "Second Motion to Amend," Doc. 32) (collectively, the "Motions") which have been referred to the undersigned pursuant to 28 U.S.C. § 636. The Motions, which are substantively the same, are fully briefed and ripe for ruling.[1]

I. Procedural History

On January 31, 2020, Plaintiff, appearing *pro se*, filed his Complaint, which appeared to name "Brickton Village HOA (Lauren Koons)" and "LM Property" as the defendants. Doc. 1; see also Doc. 3. The Original Complaint

---

[1] The First Motion to Amend, Doc. 24, contains certain exhibits not included in the Second Motion to Amend, Doc. 32, and the Certificates of Service attached to each motion differ.

1

indicated that Plaintiff was attempting to assert claim(s) for violations of the Fair Housing Act ("FHA") based on Defendants' failure to provide reasonable accommodations and on Defendants' discrimination against Plaintiff. A subsequently filed exhibit additionally indicated that Plaintiff was asserting that his "HOA [had] been giving [him] a difficult time," had "put [him] down and discriminated against [him]," and that "[t]he lien they put on [his] house is not even the correct amount." Doc. 3 at 1.

On April 14, 2020, Defendants filed a Motion to Dismiss. Doc. 10.

On September 25, 2020, and following briefing by the parties, the undersigned issued a Memorandum and Recommendation that recommended the Motion to Dismiss be granted. Doc. 18.

On October 1, 2020, Plaintiff filed objections to the Memorandum and Recommendation and, in the same document, requested that counsel be appointed for him. Doc. 19.

On December 30, 2020, the District Court overruled Plaintiff's objections, granted Defendants' Motion to Dismiss, and denied Plaintiff's request for the appointment of counsel. Doc. 22. Judgment was entered the same day. Doc. 23.

On January 7, 2021, Plaintiff filed the First Motion to Amend, as well as a Notice of Appeal. Docs. 24 and 25.

On January 28, 2021, the undersigned entered an Order advising the parties that the Court would consider Plaintiff's First Motion to Amend notwithstanding his Notice of Appeal. Doc. 29.

Defendants responded to the First Motion to Amend on February 5, 2021. Doc. 31.

Plaintiff filed the Second Motion to Amend on February 9, 2021. Doc. 32.

Defendants responded to the Second Motion to Amend on February 16, 2021. Doc. 34.

On April 15, 2021, after extensions of time were allowed, Plaintiff filed his reply relative to both Motions. Plaintiff's filing included numerous pages of exhibits, including materials from the North Carolina Human Relations Commission regarding Plaintiff's claims under North Carolina state law. Doc. 39.

## II. Jurisdiction

Before discussing the merits of Plaintiff's Motions, it is necessary to address a predicate issue raised by Defendants' briefing—whether the Court has jurisdiction to consider Plaintiff's requests in the first instance. Plaintiff has not addressed this issue.

The filing of a notice of appeal ordinarily divests a district court of jurisdiction over matters related to the appeal; however, this rule does not extend to deficient notices of appeal, such as notices that attempt to appeal a

non-appealable order. In such a circumstance, a district court may disregard the purported notice of appeal. Automobili Lamborghini S.p.A. v. Garcia, 467 F. Supp. 3d 385, 395 (E.D. Va.), appeal dismissed, 823 F. App'x 174 (4th Cir. 2020), reh'g denied (Oct. 27, 2020); see also Doc. 29.

In this case, Plaintiff's notice of appeal indicates that Plaintiff is only attempting to appeal the District Court's denial of Plaintiff's request for the appointment of counsel, not the granting of Defendants' Motion to Dismiss. Doc. 25. The Fourth Circuit has made it clear that orders regarding a party's request for the appointment of counsel "do not constitute final orders, appealable interlocutory orders, or appealable collateral orders." Id. (collecting cases).

Accordingly, subject matter jurisdiction with respect to the instant Motions remains with the District Court.

### III. Applicable Legal Standards

"[A] district court may not deny [a motion to amend] simply because it has entered judgment against the plaintiff—be it a judgment of dismissal, a summary judgment, or a judgment after a trial on the merits." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962); 6 Charles Allen Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 1488 (2d ed.1990) (collecting cases)). "Instead, a post-judgment motion to amend is evaluated under the same legal

4

Case 1:20-cv-00030-MR-WCM  Document 40  Filed 05/14/21  Page 4 of 13

standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." Id; see also Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 (4th Cir. 2011).

"There is one difference between a pre- and a post-judgment motion to amend: the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or Fed.R.Civ.P. 60(b)." Laber, 438 F.3d at 427.[2] "To determine whether vacatur is warranted, however, the court need not concern itself with either of those rules' legal standards. The court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed.R.Civ.P. 15(a)." Katyle, 637 F.3d at 471; see also United States v. Shabazz, 509 F. App'x 265, 266–67 (4th Cir.2013); Magers v. Chesapeake Appalachia, LLC, No. 5:12CV49, 2013 WL 6385942, at *3 (W.D.W.Va. Dec. 6, 2013) ("[T]he inquiry regarding whether or not to vacate the judgment in order to allow a post-judgment motion for leave to amend is not that of either Rule 59(e) or 60. Rather, the standard to be employed is simply that of Rule 15").

Finally, when considering the Motions here, the undersigned is cognizant that Plaintiff is proceeding *pro se*. Federal courts extend latitude to

---

[2] Because granting the Motions to Amend would require that the Judgment (Doc. 23) be vacated by the District Court, the undersigned is entering a Memorandum and Recommendation rather than an Order.

5

the pleadings of *pro se* litigants. See e.g., Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (noting that *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers"). However, "a pro se complaint must still contain sufficient facts 'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" Adams v. Sw. Virginia Reg'l Jail Auth., 524 F. App'x 899, 900 (4th Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570). Further, the court is not required to accept a *pro se* plaintiff's contentions as true, Denton v. Hernandez, 504 U.S. 25, 32 (1992), cannot ignore a clear failure to allege facts which set forth a cognizable claim, and does not act as a *pro se* plaintiff's advocate or develop claims that a plaintiff fails to raise. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed"); Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (district courts are not expected to assume the role of advocate for the *pro se* plaintiff).

IV. Discussion

### A. Rules 59 or 60 of the Federal Rules of Civil Procedure

As noted above, a complaint may be amended after the entry of judgment only if the judgment is vacated. Here, Plaintiff has not filed a motion under either Rule 59 or Rule 60 seeking that relief. Some authorities indicate that a

6

court has the discretion to consider a post-judgment motion to amend as also being a motion to vacate a judgment, though is not required to do so. See Camp v. Gregory, 67 F.3d 1286, 1290 (7th Cir. 1995) ("absent a showing of prejudice to the defendants, we believe that the district court retains the discretion to treat a Rule 15(a) motion as one also made under Rules 59 or 60") (citing Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1112 (7th Cir.1984), cert. denied, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985)); Browning v. Federal National Mortgage Assoc., No. 1:12cv00009, 2012 WL 5465560, at *1 (W.D.Va. May 8, 2012) ("taking into account the liberal standard under Rule 15(a) and the importance of determining a case on its merits, I will consider the plaintiff's motion as a Rule 15(a) motion filed in conjunction with a Rule 59(e) motion, if the plaintiff submits a proposed amended complaint").

In this case, even if such discretion exists and is exercised here, for the reasons that follow, the undersigned is not persuaded that leave to amend should be granted.

### B. Rule 15 of the Federal Rules of Civil Procedure

Defendants do not argue that allowing the Motions would be prejudicial or that Plaintiff has acted in bad faith. Instead, Defendants assert that the

Motions are futile because Plaintiff's proposed amendments[3] do "nothing more than restate [Plaintiff's] previously dismissed claims." Doc. 31 at 8.

Plaintiff's materials indicate that he seeks to assert claims of discrimination under the FHA, failure to accommodate under the FHA, and/or negligence arising out of Defendants' (1) failure to ensure that a handicapped parking space is level, free of debris, and appropriately marked; (2) failure to "investigate[] [his] disability complaint;" or engage "in the interactive process"; and (3) actions relating to the HOA placing a lien on his home. See Doc. 24 at 1-4. Additionally, Plaintiff appears to wish to assert a claim for breach of contract and, in his Reply, references for the first time a claim under Title III of the Americans With Disabilities Act ("ADA") and a violation of the "building code." Doc. 39 at 6.

With respect to Plaintiff's claims arising under the FHA, although Plaintiff alleges that he suffers from "concussion syndrome" and asserts he "was handicapped," Doc. 24 at 4 and Doc. 39 at 2, Plaintiff has not alleged that he is or was a person with a handicap as that term is defined by the FHA. Plaintiff has provided no further information about his alleged disabilities or indicated that concussion syndrome or any other disability substantially limits one or more of his major life activities. See 42 U.S.C. § 3602(h)(1)-(3) (A person

---

[3] Plaintiff has not submitted a complete proposed amended complaint. Rather, his proposed amendments appear to be based on the various materials he has submitted.

8

with a handicap has "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) [is] regarded as having such an impairment, but such term does not include current, illegal use of or addiction to a controlled substance").[4]

Further, with respect to his FHA discrimination claim, Plaintiff has not alleged facts to indicate that Defendants had a discriminatory intent or motive, or which demonstrate that Defendants' alleged conduct had a disparate impact on persons who are handicapped. See Nat'l Fair Hous. All. v. Bank of Am., N.A., 401 F. Supp. 3d 619, 630 (D. Md. 2019); Reyes v. Waples Mobile Home Park Ltd. P'ship, 903 F.3d 415, 421 (4th Cir. 2018) (disparate treatment/intentional discrimination); Fedynich v. Lozano, No. 3:20CV260, 2021 WL 710368, at *12 (E.D. Va. Feb. 23, 2021) (disparate impact). With respect to his FHA failure to accommodate claim, Plaintiff has not alleged facts demonstrating that his requested accommodations (as to the maintenance of a parking space or payment of HOA dues) would directly ameliorate the effect of his disability. See Bryant Woods Inn, Inc., 124 F.3d 597, 604 (4th Cir. 1997).

---

[4] Similarly, to the extent Plaintiff's reference in his Reply to a claim under the ADA is considered, Plaintiff has not alleged that his major life activities have been "substantially impaired" by his concussion syndrome or other unspecified handicap. See 42 U.S.C.A. § 12102 (defining disability under the ADA).

9

Likewise, Plaintiff's remaining claims are pled inadequately. Plaintiff has not alleged any loss or damage to support a negligence claim due to Defendants' failures related to the handicapped parking spot or Defendants' failure to investigate Plaintiff's disability complaint. See McMurray v. Sur. Fed. Sav. & Loan Ass'n, 82 N.C.App. 729, 731, 348 S.E.2d 162, 164 (1986) (elements of a negligence claim). Similarly, Plaintiff has not made any factual allegations regarding the existence of a contract or its terms. See Giabourani v. Wells Fargo Bank, N.A., No. 2:12-CV-00042-MR, 2015 WL 5714538, at *10 (W.D.N.C. Sept. 29, 2015), aff'd, 670 F. App'x 177 (4th Cir. 2016) (elements of a claim for breach of contract).[5]

Generally, a futility review under Rule 15 "is not equivalent to an evaluation of the underlying merits of the case," Glob. Locating Sys., LLC v. ShadowTrack 247, LLC, No. 1:19-CV-00225-MR, 2020 WL 2114381, at *3 (W.D.N.C. May 4, 2020), and, as such, "'[i]t is often a better exercise of the court's discretion … and a conservation of judicial resources, to leave decisions on the merits with respect to motions to amend until the matter has been fully briefed in a motion to dismiss.'" MC1 Healthcare LLC v. Mountainside Solutions, Inc., NO. 1:18-cv-00315-MR, 2020 WL 1923163 at *4 (W.D.N.C.

---

[5] To the extent Plaintiff's reference in his Reply to a "building code violation" is considered, Plaintiff has not cited to a provision of a building code or stated whether he is alleging a violation of a state or municipal code.

April 21, 2020) (quoting DirecTV, Inc. v. Benson, 333 F. Supp. 2d 440, 444 (M.D.N.C. 2004) (citation omitted)).

Here, however, the parties have already briefed, and the Court has already considered, the sufficiency of Plaintiff's allegations in the context of Defendants' Motion to Dismiss the Original Complaint. Significantly, it does not appear to the undersigned that Plaintiff's proposed amendments add allegations that change that analysis. See Matrix Capital Management Fund, LP v. Bearing Point Inc., 576 F.3d 172, 195 (4th Cir. 2009) (finding district court failed to examine whether amendment to the operative complaint would have been futile because "the allegations added to that complaint 'changed the analysis [that ought to have been] conducted by the district court'") (quoting Steinburg v. Chesterfield County Planning Com'n, 527 F.3d 377, 390 (4th Cir. 2008) (affirming district court's denial of motion to amend where plaintiff "pointed to no material in his proposed amended complaint that would have changed the analysis conducted by the district court…")); see also Thomas v. Lt. Soucier, No. 5:13-CT-3247-BO, 2015 WL 11070581, at *2 (E.D.N.C. March 26, 2015) (denying leave to amend after grant of motion to dismiss and entry of judgment against plaintiff where "[t]he amended complaint restates the allegations within the original complaint found to be meritless"); Logar v. West Virginia University Board of Governors, No. 1:10CV201, 2012 WL 243692, at *7 & 9 (N.D. W.Va. Jan 25, 2012) (finding that "in the climate of a post-

11

dismissal motion for leave to amend, the facts of this case are such that this Court believes that the interests of justice weigh more heavily toward finality of judgment than toward granting leave to amend" and explaining that "Rule 15(a) is designed to allow parties the opportunity to amend pleadings 'to assert matters which were overlooked or were unknown at the time the party interposed the original complaint. Further the rule is intended to advance a basic goal of the Federal Rules of Civil Procedure; to allow maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities. Neither of these purposes would be advanced by allowing the plaintiffs leave to amend here") (internal quotations and citations omitted).

## V. Recommendation

Therefore, the undersigned respectfully recommends that Plaintiff's Motions to Amend (Docs. 24 & 32) be **DENIED**.

Signed: May 14, 2021

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).