**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00030-MR**

| | |
|---|---|
| **MELVIN RICHARD ROBINSON, III,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **O R D E R** |
| ) | |
| **BRICKTON VILLAGE ASSOCIATION,** ) | |
| **INC., and LM PROPERTY,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's Motion for an Extension of Time, Recusal of the Magistrate Judge, and Appointment of an Attorney. [Doc. 41].

The Plaintiff first seeks an extension of the deadlines to file objections to the Memorandum and Recommendation. He requests to have until "Oct[ober]" to respond. [Doc. 41 at 2]. Upon careful review of the Motion, the Court finds that the Plaintiff has not shown good cause for such an extraordinary extension. The Court, however, will allow for a shorter extension for the reasons articulated in the Motion. The Plaintiff will have an additional thirty (30) days, until July 16, 2021, to file any objections to the Memorandum and Recommendation.

The Plaintiff also requests appointment of counsel. There is no absolute right to the appointment of counsel in civil actions such as this one. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). However, a court may request that an attorney represent an indigent plaintiff proceeding in *forma pauperis*. 28 U.S.C. § 1915(e)(1). A plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller, 814 F.2d at 966; see also Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel in this case. As this Court has already indicated [Doc. 22], the issues in this case are not extremely complex and the Plaintiff's filing have demonstrated that he is cable of effectively communicating his positions and arguments to the Court. See McMillian v. Wake Cnty. Sheriff's Dep't, 399 F. App'x 824 (4th Cir. 2010) (finding district court did not abuse its discretion in denying plaintiff's request for the appointment of counsel where the record reflected that plaintiff ably pursued his claim in the district court). Accordingly, the Plaintiff's request for appointment of counsel is denied.

The Plaintiff further moves for the Magistrate Judge's recusal in this matter. [Doc. 41]. A motion for recusal should be granted only if the judge's

"impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). Here, the Plaintiff asserts that the Magistrate Judge has been making "false statements on medical records causing [him] more harm." [Doc. 53 at 2]. While the Plaintiff's arguments are couched in terms indicating judicial misconduct or basis, the Plaintiff clearly takes issue with the Magistrate Judge's rulings that were adverse to him. Adverse judicial rulings alone, however, "almost never constitute a valid basis for a bias or partiality motion." United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). Furthermore, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.

The Plaintiff has not articulated any basis to find that the Magistrate Judge's impartiality might reasonably be questioned. Accordingly, the Plaintiff's request for the Magistrate Judge's recusal is denied.

## ORDER

**IT IS, THEREFORE, ORDERED,** that Plaintiff's Motion [Doc. 41] is **GRANTED IN PART** as follows:

(1)   The Plaintiff's request for additional time to object to the Memorandum and Recommendation is **GRANTED IN PART**. The Plaintiff shall have an additional thirty (30) days, through and including July 16, 2021, within which to file an objection to the Memorandum and Recommendation.

(2)   The Plaintiff's request for appointment of counsel is **DENIED**.

(3)   The Plaintiff's request for recusal of the Magistrate Judge is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 16, 2021

Martin Reidinger
Chief United States District Judge