THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00030-MR-WCM

| | |
|---|---|
| MELVIN RICHARD ROBINSON, III, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BRICKTON VILLAGE ASSOCIATION, ) <br> INC., and LM PROPERTY, ) <br> ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's First "Motion to Amend Due to Case Dismissed" [Doc. 24]; the Plaintiff's Second "Motion to Amend Due to Case Dismissed" [Doc. 32]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of those Motions [Doc. 40]; the Plaintiff's Motion for "TRO/Injunctive relief" [Doc. 44]; and the Plaintiff's Motion for "TRO/ INJU[N]CTIVE - Remove Lien for wrong address" [Doc. 47].

I.   **PROCEDURAL BACKGROUND**

On January 31, 2020, the *pro se* Plaintiff filed a complaint against Defendants "Brickton Village HOA (Lauren Koons)" and "LM Property." [Doc. 1]. On April 14, 2020, the Defendants filed a Motion to Dismiss. [Doc. 10].

The Motion to Dismiss was fully briefed, and on September 25, 2020, the Magistrate Judge submitted a Memorandum and Recommendation, recommending the Motion to Dismiss be granted based on the Plaintiff's failure to state a plausible claim for relief. [Doc. 18 at 9-10]. On December 30, 2020, the Court adopted the Memorandum and Recommendation and dismissed the case in the entirety. [Doc. 22].

On January 7, 2021, the Plaintiff filed his first Motion to Amend. [Doc. 24]. On February 9, 2021, the Plaintiff filed his Second Motion to Amend. [Doc. 32].[1]

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Plaintiff's Motions to Amend and to submit a recommendation for the disposition of those Motions. On May 14, 2021, the Magistrate Judge filed a Memorandum and Recommendation recommending that the Plaintiff's Motions to Amend be denied. [Doc. 40]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service.

---

[1] The First Motion to Amend and the Second Motion to Amend are identical except for the difference in exhibits and Certificates of Service. [Docs. 24; 32].

2

On May 19, 2021, the Plaintiff filed a Motion requesting an extension of time to file objections to the Memorandum and Recommendation, the appointment of counsel, and the removal of Judge Metcalf from the case. [Doc. 41]. On June 16, 2021, the Court granted the Plaintiff's Motion for additional time to file the objections and denied the Motion for removal of Judge Metcalf and for the appointment of counsel. [Doc. 43]. The Plaintiff was given until July 16, 2021, to file objections to the Memorandum and Recommendation. [Id.]. The period within which to file objections has now expired and no written objections to the Memorandum and Recommendation have been filed.

On July 8, 2021, the Plaintiff filed a Motion for "TRO/Injunctive relief" [Doc. 44]. Defendant Bricktown Village Association, Inc., responded on July 21, 2021. [Doc. 46]. On July 21, 2021, the Plaintiff filed a Motion for "TRO/ INJU[N]CTIVE - Remove Lien for wrong address." [Doc. 47].

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient

3

specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual findings or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985).

## III. DISCUSSION

### A. The Memorandum and Recommendation

Neither party has filed a written objection to the Memorandum and Recommendation. After a careful review of the Magistrate Judge's Memorandum and Recommendation, the Court finds that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the Plaintiff's Motions to Amend should be denied.

### B. The Plaintiff's Motions for Injunctive Relief

The remaining Motions before the Court are the Plaintiff's self-styled Motions for "TRO/ Injunctive relief" and "TRO/ INJU[N]CTIVE - Remove Lien for wrong address." [Docs. 44; 46].

A plaintiff seeking a preliminary injunction must demonstrate that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm absent injunctive relief, (3) the balance of equities tips in its favor, and (4)

the injunction would be in the public interest. Winter v. NRDC, Inc., 555 U.S. 7, 20 (2008); see U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006) (noting equivalent standards for granting a temporary restraining order ("TRO") and a preliminary injunction). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. at 24; see Pashby v. Delia, 709 F.3d 307, 319 (4th Cir. 2013).

Because the Court has found that the Plaintiff has failed to state a viable claim for relief in the Complaint and that the Motions to Amend are without merit, the Plaintiff cannot demonstrate a "likelihood of success on the merits." Winter, 555 U.S. at 20. Therefore, the Court also dismisses the Plaintiff's Motions for Preliminary Injunctions. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 347 (4th Cir. 2009) (holding that a moving party must satisfy each requirement in order to obtain a preliminary injunction), vacated on other grounds, 559 U.S. 1089, 130 S. Ct. 2371, 176 L. Ed. 2d 764 (2010).

## ORDER

**IT IS, THEREFORE, ORDERED,** that the Memorandum and Recommendation [Doc. 40] is **ACCEPTED**; the Plaintiff's First "Motion to Amend Due to Case Dismissed" [Doc. 24] is **DENIED**; and the Plaintiff's Second "Motion to Amend Due to Case Dismissed" [Doc. 32] is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for "TRO/ Injunctive relief" [Doc. 44]; and the Plaintiff's Motion for "TRO/ INJU[N]CTIVE - Remove Lien for wrong address" [Doc. 47] are **DENIED**.

**IT IS SO ORDERED.**

Signed: July 26, 2021

Martin Reidinger
Chief United States District Judge