IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00030-MR-WCM

| | |
|---|---|
| **MELVIN RICHARD ROBINSION, III,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**BRICKTON VILLAGE ASSOCIATION,** )<br>**INC., and LM PROPERTY,** )<br>)<br>**Defendants.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's filing [Doc. 60], which the Court construes as a Motion for Reconsideration.

On December 30, 2020, the Court entered an Order dismissing this action. [Doc. 22]. A Judgment was entered that same day. [Doc. 23]. Thereafter, the *pro se* Plaintiff filed several post-judgment motions, including two Motions to Amend the Complaint [Docs. 24, 32] and two Motions for "TRO/Injunctive Relief" [Docs. 44, 47]. On July 26, 2021, the Court denied the Plaintiff's post-judgment motions. [Doc. 49]. Subsequently, the Plaintiff also filed a motion appearing to seek the removal of a lien from his home [Doc. 48] and a letter asserting additional allegations in support of his dismissed claims [Doc. 50], which the Court construed as motions for

miscellaneous relief. On August 2, 2021, the Plaintiff filed a Notice of Appeal of the Order denying his post-judgment motions. [Doc. 51]. On August 5, 2021, the Court entered an Order denying the Plaintiff's motions for miscellaneous relief because the Plaintiff's appeal divested the district court of jurisdiction. [Doc. 54]. The Plaintiff's appeal remains pending. On February 22, 2022, the Plaintiff submitted a letter appearing to request that the Court reconsider its previous Orders in this case. [Doc. 60].

The filing of a notice of appeal divests the district court of jurisdiction over a case. See United States v. Wooden, 230 F. App'x 243, 244 (4th Cir. 2007) (per curiam). "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam). Because the Plaintiff's appeal is still pending, this Court lacks jurisdiction to entertain the Plaintiff's Motion for Reconsideration.

**IT IS, THEREFORE, ORDERED** that the *pro se* Plaintiff's filing [Doc. 60], which the Court construes as a Motion for Reconsideration, is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Signed: March 7, 2022

Martin Reidinger
Chief United States District Judge

3

Case 1:20-cv-00030-MR-WCM   Document 62   Filed 03/07/22   Page 3 of 3